UNITED STATES DISTRICT COURT

Northern District of California

ROSEMARY RUSSELL,

         Plaintiff,

   v.

SKYWEST AIRLINES, INC., UNITED AIRLINES, INC., AIR SERV CORPORATION and DOES 1 through 50, inclusive,

         Defendants.

No. C 10-0450 MEJ

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. #14)**

## I. INTRODUCTION

Before the Court is Defendants Skywest Airlines, Inc. and United Airlines, Inc. (collectively "Defendants") Motion for Judgment on the Pleadings.[1] (Dkt. #14.) On May 13, 2010, the Court held a hearing on the matter. After consideration of the parties' papers and oral arguments, relevant legal authority, and good cause appearing, the Court orders as follows.

## II. BACKGROUND

On January 7, 2010, Plaintiff Rosemary Russell ("Plaintiff") filed a complaint in Superior Court for the County of San Francisco, alleging state law causes of action of negligence against Defendants. (Removal Pet., Ex. A[2], Dkt. #1.) In her complaint, Plaintiff alleges that she was injured on June 29, 2009, while exiting a Skywest commuter plane which carried her from Orange County to San Francisco. (Pl.'s Compl. ¶ 10, Dkt. #1.) Plaintiff states that this is the type of plane

---

[1] Defendant Air Serv Corporation has not joined in Defendants' Motion.

[2] All further references to Plaintiff's complaint will be cited as "Complaint".

passengers exit by walking down a small staircase which is attached to the plane and unfolded when it is time to disembark. *Id.* at ¶ 13. Plaintiff states that she is an elderly woman who is blind in one eye, and thus required assistance when deplaning. *Id.* at ¶ 14. Plaintiff claims that her goddaughter called Defendants[3] prior to Plaintiff's flight to inform them that Plaintiff was an elderly woman and blind in one eye, and to request that they provide her assistance while disembarking from her flight. *Id.* at 14. Plaintiff contends that, despite this notification, no one assisted her in exiting from the plane. *Id.* at ¶ 16. Plaintiff alleges that while descending the staircase without assistance, when stepping off the last step, she scraped her leg on the staircase and sustained a large cut. *Id.* at ¶ 15. Plaintiff claims that she woke up feeling ill the following day and had to be admitted to the hospital. *Id.* at ¶ 17. Plaintiff was informed by the doctors that the wound was infected, that she had developed cellulitis, and that she required a blood transfusion. *Id.* Plaintiff spent ten days in the hospital, during which time her unimpaired eye hemorrhaged. *Id.* at ¶ 18. As a result, Plaintiff is now completely blind, cannot live alone and was forced to move out of her apartment into an assisted living facility. *Id.* at ¶¶ 18, 19.

Plaintiff alleges that Defendants, as common carriers under California Civil Code 2168[4], owe her a duty of care that is substantially higher than the care required of a reasonable person under similar circumstances, pursuant to California Civil Code section 2100[5]. *Id.* at ¶¶ 21, 22. Plaintiff alleges that Defendants breached that duty by failing to assist her when she deplaned. *Id.* at ¶ 23. Plaintiff further alleges that Defendants' breach was the proximate and legal cause of her injuries. *Id.* at ¶¶ 24-27. Plaintiff also alleges general negligence. *Id.* at ¶¶ 28-34.

On February 1, 2010, Defendants removed the instant action to this Court pursuant to 28

---

[3] Plaintiff does not specify which Defendant was contacted by her goddaughter.

[4] This section provides that "[e]very one who offers to the public to carry persons, property, or messages, excepting only telegraphic messages, is a common carrier of whatever he thus offers to carry."

[5] This section provides that "[a] carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

2

U.S.C. §§ 1332(a) and 1446(a). (Removal Pet. ¶¶ 3, 4, Dkt. #1.) On April 5, 2010, Defendants filed the instant Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). (Dkt. #14.) On April 22, 2010, Plaintiff filed her Opposition (Dkt. #22), and on April 29, 2010, Defendants filed their Reply (Dkt. #24). Defendants also filed a request for judicial notice of an order issued by the Central District of California (Dkt. #25), and a Statement of Recent Decision (Dkt. #26). At the May 13 hearing, the Court noted that the crux of Defendants' argument in support of their motion for judgment on the pleadings was raised for the first time in their reply and thus ordered Defendants to submit further briefing, which they did later that day. (Dkt. #28.) On May 14, 2010, Plaintiff filed an objection to Defendants' supplemental brief. (Dkt. #29.) On June 23, 2010, the Court ordered Plaintiff to file a surreply, which she filed on June 30, 2010. (Dkt. #31.)

### III. DISCUSSION

In their Motion, Defendants argue that Plaintiff's claims for common carrier and general negligence fail to state a claim upon which relief may be granted because the relevant standard of care is established by federal rather than state law, and thus Plaintiff's state law negligence claims are preempted. (Defs.' Mot. 4:12-19, Dkt. #14.) Specifically, Defendants contend that the Federal Aviation Act of 1958, 49 U.S.C. §§ 40101 *et seq.* ("FAA"), preempts the entire field of aviation safety, *id.* at 1:9-13, and that Plaintiff has failed to allege that a duty owed to her under federal law was breached. *Id.* at 8:2-4. Thus, Defendants argue that judgment in their favor is appropriate.

In response, Plaintiff argues that the FAA will only preempt state law claims where the agency has issued pervasive regulations in that specific area. (Pl.'s Opp'n 3:1-10, Dkt. #22.) Plaintiff contends that, in the instant case, the state standard of care remains applicable because there are not pervasive regulations regarding an airline's handling of passengers who request assistance getting on an off an aircraft. *Id.* at 3:16-20. Accordingly, Plaintiff argues that her complaint states claims upon which relief may properly be granted. *Id.*

In their reply and further briefing, Defendants also contend that Plaintiff's claim for negligence is preempted by the Air Carrier Access Act of 1986, 29 U.S.C. § 41705 ("ACAA") and

3

1   its implementing regulations, which are codified in Title 14 of the Code of Federal Regulations as
2   Part 382.  (Defs.' Reply 9:9-11, Dkt. #24; Defs.' Br. 2:1-3, Dkt. #28.)  Defendants maintain that the
3   interaction between air carriers and disabled passengers is regulated by the ACAA, and argue that
4   Plaintiff effectively alleged that she was disabled because at the time of the incident she was elderly
5   and blind in one eye.  (Defs.' Reply 9:7-10, Dkt. #24.)

6   In response to Defendants' ACAA preemption argument, Plaintiff argues that she never
7   claimed to be disabled, and that asking for assistance does not mean that she admitted a disability, as
8   Defendants contend.  (Pl.'s Surreply 5:18-19, Dkt. #31.)  Plaintiff maintains that Congress did not
9   intend to abolish the right to present state law injury claims, and because the ACAA has no private
10  right of action, a finding that the ACAA preempts Plaintiff's state law claims would go against
11  Congressional intent.  *Id.* at 5:20-26.

## A.   Legal Standard

Rule 12(c) provides that a party may move for judgment on the pleadings after the pleadings are closed, but must do so early enough that trial will not be delayed.  The close of pleadings refers to the time when all required pleadings, namely the answer, have been served and filed.  *In re Villegas*, 132 B.R. 742, 745 (9th Cir. BAP 1991); *Strigliabotti v. Franklin Resources, Inc.*, No. C 04-0883 SI, 398 F. Supp. 2d 1094, 1098 (N.D. Cal. 2005).  "[J]udgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 978-79 (9th Cir. 1999) (internal citations omitted).  However, "[i]f the [c]ourt determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment."  *Hill v. Skywest Airlines, Inc.*, 2008 WL 4816451, at *3 (E.D. Cal. November 5, 2008) (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)).

## B.   Application to the Case at Bar

### 1.   Whether the FAA Preempts Plaintiff's Claims

In their Motion for Judgment, Defendants contend that the FAA occupies the entire field of

4

aviation safety, thus preempting Plaintiff's state law negligence causes of action. (Defs.' Mot. 4:12-19, Dkt. #14.) Specifically, Defendants claim that the FAA preempts the heightened standard of care pled by Plaintiff because her claim alleges negligence for failure to assist a deplaning passenger. *Id.* at 5:14-26. Thus, Defendants argue that they are entitled to judgment as a matter of law because Plaintiff has not pled a breach of a federal regulation. *Id.* at 1:13-15; 4:13-15.

In response, Plaintiff argues that Defendants have misinterpreted Ninth Circuit law and that her claims are not preempted because Congress has not shown an intent to occupy the field of aviation safety as applied to her claims. (Pl.'s Opp'n 3:14-20, Dkt. #22.) Specifically, Plaintiff contends that there are not pervasive regulations regarding an airline's handling of passengers who request assistance getting on an off an aircraft. *Id.* at 3:16-20.

Where a federal regulation does not expressly state that it will preempt state law in a specific area, but the structure and purpose of the federal law indicate that Congress intended federal law to occupy the field, the state law will be deemed preempted. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992). "Implied preemption exists when federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the States to supplement it." *Montalvo v. Spirit Airlines*, 508 F.3d 464, 470 (9th Cir. 2007) (citing *Cipollone*, 505 U.S. at 516) (internal quotations omitted). In order to determine whether Congress intended federal legislation to occupy the entire field of airline safety regulation, courts must "look to the pervasiveness of the regulations enacted pursuant to the relevant statute to find preemptive intent." *Montalvo*, 508 F.3d at 470. However, "[i]n areas without pervasive regulations or other grounds for preemption, the state standard of care remains applicable." *Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 812 (9th Cir. 2009).

In *Montalvo*, the Ninth Circuit addressed the issue of whether the FAA preempted California state law standards of care, specifically the state-imposed duty to warn.[6] *Montalvo*, 508 F.3d at 468.

---

[6] The duty to warn at issue in *Montalvo* involved the risks of deep vein thrombosis ("DVT"), which results from prolonged, cramped sitting, causing blood clots in the deep veins in the legs and can cause serious complications.

1  The court found that the pervasiveness of the regulations governing the warnings and instructions
2  which must be given to airline passengers, such as the instructions regarding seatbelt, seat back, and
3  tray table use and the warnings about prohibitions against smoking[7], indicate that Congress, through
4  the Federal Aviation Administration, intended federal law to control in the warning and instruction
5  area. *Id.* at 472-73.

6  The issue here, then, is whether there are pervasive regulations regarding passenger requests
7  for assistance or other grounds for preemption which would prevent Plaintiff from alleging her state
8  law personal injury claims. The Court is unaware of any regulations under the FAA which govern a
9  passenger's request for assistance or an airline's failure to assist a passenger who has indicated that
10 they need assistance. Thus, the Court finds that there are not pervasive regulations under the FAA
11 which would indicate Congress' intent to preempt Plaintiff's state law negligence claims.

12 However, *Hill v. Skywest Airlines, Inc.* 2008 WL 4816451 (E.D. Cal. 2008), sheds further
13 light on Plaintiff's claim. In *Hill*, the plaintiff sued the defendant, alleging general negligence when
14 she fell and injured herself while exiting a plane. *Id.* at *1. Similar to this Court's finding, the court
15 found that there was no specific regulation that spoke to the plaintiff's claim of negligence for
16 failure to assist an able-bodied person in deplaning. *Id.* at *8-9. However, the court did find that
17 there was an applicable federal standard of care "that does not necessarily preclude a claim
18 involving a duty affirmatively to help a passenger with deplaning." Specifically, 14 C.F.R. §
19 91.13(a) provides that "[n]o person may operate an aircraft in a careless or reckless manner so as to
20 endanger the life or property of another." Based on the existence of an applicable federal standard
21 of care, the court in *Hill* dismissed the plaintiff's complaint with leave to amend "insofar as it was
22 based on state standards of care." *Hill,* 2008 WL 4816451, at *11.

23 Here, Plaintiff also alleges that Defendants were negligent in failing to assist her in
24 deplaning. (Pl.'s Compl. ¶¶ 14-16, Dkt. #1.) Thus, because there is an applicable federal standard
25 of care, Plaintiff's state law claims are preempted, and she must plead a breach of 14 C.F.R. §

---

[7]The regulations governing the warnings and instructions which must be given to airline passengers are set forth in 14 C.F.R. Parts 25 and 121 (2005).

6

91.13(a)[8]. Accordingly, based solely on Plaintiff's failure to assist claim, it would appear that Plaintiff should be entitled leave to amend her complaint to plead a breach of the federal standard of care. However, unlike the plaintiff in *Hill*, Plaintiff requested assistance in deplaning, thus raising potential disability issues under the ACAA, which the Court shall address below.

2.      Whether the ACAA Preempts Plaintiff's Claims

In their further briefing, Defendants maintain that the ACAA preempts Plaintiff's state law negligence claims. (Defs.' Supp. Br. 2:1-2, Dkt. #28.) Specifically, Defendants contend that Plaintiff's allegation that she was elderly and blind in one eye at the time of the incident is tantamount to an allegation that she was disabled. (Defs.' Reply 9:7-8, Dkt. #24.) Defendants argue that the interaction between air carriers and disabled passengers is solely regulated by the ACAA, which establishes the applicable federal standard of care. *Id.* at 9:9-11; 9:26-27.

In response, Plaintiff asserts that her claims should not be barred under the ACAA because she did not claim that she was disabled, and that asking for assistance does not equate to admitting a disability. (Pl.'s Surreply 5:18-19, Dkt. #31.) Plaintiff argues that Congress never intended to deny citizens a private right of action against air carriers, noting that the ACAA has no private right of action. *Id.* at 4:12-14.

14 C.F.R. § 382.3 provides that an individual with a disability is any person "who has a physical or mental impairment that, on a permanent or temporary basis, substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such an impairment." A physical impairment includes visual impairment. 14 C.F.R. § 382.3(a)(2). "Major life activities" includes functions such as seeing. 14 C.F.R. § 382.3(b). If someone is regarded as

---

[8] At the hearing, Plaintiff informed the Court that 14 C.F.R. § 91.13(b) governs the standard of care for aircraft on the ground, but submitted that the standard was the same in section (a) as in (b). 14 C.F.R. § 91.13(b) provides: "Aircraft operations other than for the purpose of air navigation. No person may operate an aircraft, other than for the purpose of air navigation, on any part of the surface of an airport used by aircraft for air commerce (including areas used by those aircraft for receiving or discharging persons or cargo), in a careless or reckless manner so as to endanger the life or property of another."

having an impairment, it means they are treated as having such an impairment by an air carrier. 14 C.F.R. § 382.3(d). Air carriers have the obligation to provide or ensure that assistance is provided when requested by or on behalf of passengers with a disability. 14 C.F.R. § 382.95(a).

"[T]he regulations promulgated under the ACAA, which implicate both safety and non-discrimination mandates, establish with specificity an air carrier's obligations to provide disabled passengers with assistance . . . ." (*Johnson v. Northwest Airlines, Inc.*, C 08-2272 VRW, May 5, 2010, *Order* 13:7-11, Dkt. #157.) These "extensive regulation[s are] of the sort contemplated by the Ninth Circuit in *Martin* and *Montalvo*, implying an intent by Congress to preempt state-law in this area." *Id.* at 13:14-17.

Here, Plaintiff's goddaughter put the airline on notice that Plaintiff was blind in one eye and thus required assistance in deplaning. (Pl.'s Compl. ¶ 14, Dkt. #1.) Thus, this is not a case of Defendants "determin[ing] whether or not an individual is disabled," as Plaintiff contends. (Pl.'s Surreply 5:21-22, Dkt. #31.) Because Plaintiff's goddaughter alerted the airline that she was blind in one eye and needed assistance, the airline had knowledge of Plaintiff's vision impairment and Plaintiff could therefore be regarded as having such an impairment under 14 C.F.R. § 382.3. The implementing regulations provide that air carriers have the obligation to ensure that assistance is provided when requested by or on behalf of passengers with a disability. 14 C.F.R. § 382.95(a). While the Court is sympathetic to the fact that there is no private right of action under the ACAA[9], it must find that Plaintiff belongs to the class of persons covered by the implementing regulations.*[10]* Accordingly, the Court finds that Plaintiff's state law negligence claims are preempted. To pursue

---

[9] This Court has previously discussed the absence of a private right of action under the ACAA in *Kerner v. Mendez*, C 08-4528 EDL Dkt. # 27; 2009 WL 1226998, at *3 (N.D. Cal. 2009).

[10] Beyond the ACAA regulations which speak directly to Plaintiff's situation, there are other regulations which govern the interaction between air carriers and disabled passengers: 14 C.F.R. § 382.97 ("To which aircraft does the requirement to provide boarding and deplaning assistance through the use of lifts apply[,]" which further discusses boarding and deplaning assistance); 14 C.F.R. § 382.99 ("What agreements must carriers have with the airports they serve[,]" providing that air carriers must have agreements with airport operators regarding the provision of lifts and ramps for deplaning); 14 C.F.R. § 382.101 ("What other boarding and deplaning assistance must carriers

8

her claim, Plaintiff must file a complaint with the Secretary of Transportation. 49 U.S.C. § 46101(a). Only when she has exhausted her administrative remedies may she file a civil action. 49 U.S.C. § 46110(a). Thus, because Plaintiff must exhaust her administrative remedies, she cannot cure the deficiencies of her complaint and leave to amend would be futile.

## IV.  CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' Motion for Judgment on the Pleadings. Although Defendant Air Serv Corporation did not join in Defendants' motion, Plaintiff's claims against it are identical, therefore, her complaint also fails to state a claim against Defendant Air Serv. As the deficiencies in Plaintiff's complaint are beyond cure, she is not entitled to leave to amend. Accordingly, Plaintiff's complaint is hereby DISMISSED WITHOUT LEAVE TO AMEND and judgment is entered in favor of all named Defendants.

**IT IS SO ORDERED.**

Dated: July 20, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge